UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT M. MCALKICH III,

       Plaintiff,

v.

SHELLPOINT MORTGAGE SERVICING,
LLC (f/k/a NEWREZ LLC d/b/a Shellpoint
Mortgage Servicing), STATE AUTO
PROPERTY & CASUALTY INSURANCE
COMPANY (a Subsidiary or Affiliate of
Liberty Mutual Insurance Company),
EQUIFAX INFORMATION SERVICES
LLC,

       Defendants.

Case No. 1:26-cv-468
Hon. Paul L. Maloney

| | |
|---|---|
| ROBERT M. MCALKICH III<br>Pro Se<br>8698 Community Boulevard<br>Warren, MI  48093<br>231-413-8458<br>Mcalkich9716285110@gmail.com | WALTER JAMES FITZGIBBONS (P43520)<br>Law Office of Jason Seifert<br>Attorney for Defendant STATE AUTO<br>PROPERTY & CASUALTY INSURANCE<br>COMPANY<br>PO Box 6835<br>Scranton, PA 18505<br>248-223-0120 / Fax: 603-334-9174<br>walter.fitzgibbons@libertymutual.com |

**<u>DEFENDANT STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY'S
AFFIRMATIVE AND/OR SPECIAL DEFENSES, AND RESERVATION THEREOF</u>**

NOW COMES Defendant, STATE AUTO PROPERTY & CASUALTY INSURANCE

COMPANY, by and through its attorneys, Law Office of Jason Seifert, by Attorney Walter James

Fitzgibbons, and by way of Affirmative and/or Special Defenses, and Reservation thereof, states

and avers as follows and demands reply hereto:

1.     To the extent that the Plaintiff's allegations can be read to seek recovery of punitive

and/or exemplary damages, such allegations are utterly without foundation in fact or law, and in

either event, fail to state a claim upon which relief can be granted.

2.      That Plaintiff's Complaint fails to comply with the rules and requirements of pleadings set forth in the Federal Rules of Civil Procedure cases, the Michigan Court Rules and the Federal and Michigan Statutes and further that Defendant will move to have all or a portion of same stricken prior to trial.

3.      That Defendant was not liable in any manner with respect to the subject matter of Plaintiff's complaint.

4.      That Plaintiff has failed to mitigate his damages.

5.      That all or part of Plaintiff's Complaint has failed to state a claim upon which relief can be granted pursuant to the Federal Rules of Civil Procedure.

6.      There is no genuine issue as to any material fact and Defendant is entitled to judgement as a matter of law.

7.      Defendant reserves the right to file a Motion for Summary Disposition pursuant to FPCP  12(B) and 56

8.      That summary disposition is appropriate for insufficient service of process of Plaintiffs' Complaint and/or other pleadings.

9.      Defendant is not in the order of priority pursuant to subject policy.

10.     The specific policy of insurance herein sued upon, if any, may have been canceled, revoked, may be rescindable and/or may be otherwise invalid and/or otherwise not in force at the time of the accident herein at issue.

11.     That all or part of Plaintiff's Complaint is barred by the doctrine of Res Judicata, release, estoppel, discharge, and accord and satisfaction.

12.     Plaintiff is not the proper party to bring this claim, having been subrogated in whole or in part by another.

13.     Defendant relies upon the terms of any applicable release as a defense to this matter.

14.     If it is found that Plaintiff or anyone on Plaintiff's behalf has previously filed a lawsuit arising out of the same transaction or occurrence or has otherwise released this claim, this cause of action is barred against the Defendant by said release of liability.

15.     That some or all of Plaintiff's claims are barred by any applicable Federal or State of Michigan Statute of Limitations.

16.     That some or all of Plaintiff's claims are barred by the applicable Statute of Limitations and Defendant reserves their right to file a motion for summary disposition regarding this issue.

17.     That Plaintiff's recovery is barred and/or limited by reason of Plaintiff's failure to comply with the reasonable notice provisions contained in the subject policy of insurance.

18.     That Plaintiff has failed to present reasonable proof of the fact and/or amount of Plaintiff's alleged losses, thereby precluding recovery.

19.     That Defendant is entitled to a set off for any benefits/amounts Plaintiff received from any other source as a result of the pled matters.

20.     That Plaintiff's policy has been rescinded due to material misrepresentations made at procurement voiding any policy in effect on the date of the alleged accident.

21.     That Defendant denies that it breached any of its duties but states that it abided by and strictly observed all of its legal duties and obligations imposed by operation of law, the subject policy and otherwise and that all of the actions of its agents, servants and/or employees were careful, prudent, proper, and lawful.

22.     That Defendant is not the highest order of priority to Plaintiff.

23.    That this Defendant does not appear anywhere in the order of priority of insurers based upon the facts of this case.

24.    Plaintiff's claim, which relies in whole or in part on an alleged contract, is barred by the Statute of Frauds.

25.    Defendant relies upon the provisions of any applicable insurance policies, declaration sheets.

26.    Defendant has met every insurance obligation it owed to Plaintiff regarding the subject matters.

27.    Defendant relies upon any and all common law and/or statutory defenses to Plaintiffs' claims regarding Conversation/Statutory Conversion, including per MCL 600.2919a, the Fair Credit Reporting Act, MCL 15 USC 1681, the Real Estate Settlement Procedures Act (servicing Accounting Failures) RESPA 12 USC 2605-Regulation X , Wrongful Foreclosure/Foreclosure based on Improper Accounting, Declaratory Relief, Unjust Enrichment, Breach of Contract, etc.

28.    Defendant relies upon any and all defenses regarding Plaintiff's Declaratory Relief Claims including per the Declaratory Judgement Act, that there is no actual controversy, mootness, the court lacks subject matter jurisdiction, waiver, laches, estoppel. Release, res judicate, etc.

29.    That Plaintiff has not met Plaintiff's burden of proof.

30.    Any damages allegedly sustained by Plaintiff were a proximate result of Plaintiff's own negligence or comparative negligence.

31.    That some or all of Plaintiff's claims are barred by the applicable Statute of Limitations.

32.     This court is not the proper venue and/or jurisdiction for this matter, and Defendant reserves the right to file a Motion for Summary Disposition and/or motion for change of venue.

33.     Defendant relies upon any affirmative defenses filed by any other parties in this matter.

34.     Defendant reserves the right to assert any and all other Affirmative Defenses as such become known upon completion of discovery.

WHEREFORE, Defendant prays for a judgment in its favor, of "no cause of action," dismissal of the Complaint, together with awarding of costs, attorney fees, and all other expenses incurred in the defense of this action so wrongfully brought.

LAW OFFICE OF JASON SEIFERT

_/s/ Walter James Fitzgibbons_____
BY:  WALTER JAMES FITZGIBBONS (P43520)
Attorney for Defendant State Auto Property & Casualty
Insurance Company
PO Box 6835
Scranton, PA 18505
walter.fitzgibbons@libertymutual.com
(248) 223-0120

Dated:   June 04, 2026