FILED - LN
June 29, 2026 2:35 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: JY 6/30/26

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT M. McALKICH III,**
   Plaintiff,

   v.

**NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING,
STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,
EQUIFAX INFORMATION SERVICES LLC,
STERLING CLAIMS MANAGEMENT, INC.,
TRANS UNION LLC, and
EXPERIAN INFORMATION SOLUTIONS, INC.,**
   Defendants.

Case No. 1:26-cv-00468-PLM-RSK
Hon. Paul L. Maloney
Magistrate Judge Ray Kent

**PLAINTIFF'S BRIEF IN
SUPPORT OF MOTION
FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT**

---

**Plaintiff:**
**ROBERT M. McALKICH III**
8698 Community Blvd.
Warren, Michigan 48093

**NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING:**
c/o CSC-Lawyers Incorporating Service
(Company)
3410 Belle Chase Way, Suite 600
Lansing, Michigan 48911

**STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY:**
c/o CSC-Lawyers Incorporating Service (Company)
3410 Belle Chase Way, Suite 600
Lansing, Michigan 48911

**EQUIFAX INFORMATION SERVICES
LLC:**
c/o CSC-Lawyers Incorporating Service
(Company)
3410 Belle Chase Way, Suite 600
Lansing, Michigan 48911

**STERLING CLAIMS MANAGEMENT, INC.:**
c/o CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, California 95833

**TRANS UNION LLC:**
c/o CSC-Lawyers Incorporating Service
(Company)
3410 Belle Chase Way, Suite 600
Lansing, Michigan 48911

**EXPERIAN INFORMATION SOLUTIONS, INC.:**
c/o The Corporation Company
40600 Ann Arbor Road E, Suite 201
Plymouth, Michigan 48170

---

## I.  INTRODUCTION

Plaintiff Robert M. McAlkich III respectfully submits this brief in support of his motion for leave to file a Second Amended Complaint. The proposed amendment arises from the same mortgage loan, same property, same January 16, 2023 fire loss, same insurance-proceeds dispute, same mortgage-servicing and accounting sequence, same foreclosure sequence, and related credit-reporting disputes already at issue in this action.

The proposed amendment is intended to clarify the factual chronology, identify the proper parties, separate each defendant's alleged conduct, narrow and organize the exhibit record, and allow the case to proceed on one operative pleading. Plaintiff does not seek amendment for delay or harassment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, outside the period for amendment as a matter of course, a party may amend its pleading with the opposing party's written consent or the Court's leave. The Rule further provides that the Court should freely give leave when justice so requires.

The Supreme Court has recognized that leave to amend should generally be granted absent reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

Rule 15(a)(3) also provides that, unless the Court orders otherwise, a required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

### III. ARGUMENT

**A. The proposed amendment arises from the same core facts already at issue.**

The proposed Second Amended Complaint does not introduce an unrelated dispute. It concerns the same mortgage loan, the same property, the same servicing transfer, the same forbearance and accounting history, the same January 16, 2023 fire loss, the same insurance claim and mortgagee-payment issues, the same foreclosure sequence, and the same credit-reporting consequences.

The proposed pleading organizes those facts by defendant and by claim. It separates mortgage-servicing allegations from insurance allegations, foreclosure and accounting allegations, and credit-reporting allegations. This organization is intended to make the pleading clearer and easier for each defendant to answer or otherwise respond to.

**B. The amendment is sought in good faith and is not for delay.**

Plaintiff seeks amendment to clarify party identity, correct and organize claims, reduce confusion over which pleading governs, and place the case in a posture where the related issues can be addressed in one action. Plaintiff has also worked to narrow the exhibit packet for the Court by using a reduced, Bates-numbered, print-ready exhibit set rather than filing every preserved record.

**C. Defendants will not suffer unfair prejudice from the amendment.**

The proposed Second Amended Complaint concerns the same transaction and sequence of events already known to the appeared defendants. Counsel for NewRez/Shellpoint, State Auto, and Equifax have been involved in communications regarding the proposed amended pleading and response-deadline procedure.

Plaintiff conferred by email with counsel for NewRez/Shellpoint, State Auto, and Equifax regarding the proposed amendment and related response-deadline procedure. Counsel for NewRez/Shellpoint agreed to hold the responsive pleading deadline in abeyance pending the Court's determination of whether leave should be granted, while reserving its position on whether it consents to the proposed amendment itself. Counsel for State Auto indicated concurrence. Counsel for Equifax agreed that the responsive deadline should be held in abeyance pending resolution of the proposed amendment and requested a stipulation to that effect. A proposed stipulated order regarding responsive pleading deadlines was circulated for review.

Plaintiff has not identified appeared counsel for Sterling Claims Management, Inc., Trans Union LLC, or Experian Information Solutions, Inc. from the email communications reviewed. If leave is granted, Plaintiff requests issuance of summonses and service as required for any newly added, corrected, unserved, or non-appearing defendant.

## D. The proposed amendment is not futile at this stage.

The proposed Second Amended Complaint pleads specific dates, documents, dollar amounts, defendant-specific conduct, and alleged injuries. It identifies the relevant loan, property, insurance policy, claim, mortgage-accounting documents, foreclosure records, and credit-reporting records. At this stage, Plaintiff need not prove the claims; Plaintiff must plead facts sufficient to give each defendant fair notice of the claims and the grounds on which they rest.

The proposed amendment should therefore be permitted so that the case can proceed on a complete and organized operative pleading.

**E. The Court should set a clear response deadline.**

To avoid confusion, duplicate motion practice, or default-related disputes, Plaintiff requests that the Court set a clear response deadline. If leave is granted, Defendants should answer or otherwise respond to the Second Amended Complaint within fourteen days after entry of the order granting leave, unless the Court orders otherwise.

If leave is denied, Defendants should answer or otherwise respond to the then-operative amended complaint within fourteen days after entry of the order denying leave, unless the Court orders otherwise.

This request is for scheduling clarity only and does not waive any claim, defense, objection, service issue, jurisdictional issue, Rule 12 argument, damages position, amendment argument, or other right of any party.

**F. The Court should direct issuance of summonses and service by the United States Marshal for any defendant requiring Rule 4 service.**

Plaintiff proceeds in forma pauperis. For any newly added defendant or any defendant requiring service under Rule 4, Plaintiff requests that the Court direct the Clerk to issue summonses and direct service by the United States Marshal under Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. Section 1915(d).

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the Second Amended Complaint, direct the Clerk to file the Second Amended Complaint as the operative pleading, set the response deadlines described above, direct issuance of summonses and service by the United States Marshal for any defendant requiring Rule 4 service, and grant any other relief the Court deems just and proper.

Respectfully submitted,

Robert M. McAlkich III
Plaintiff, pro se
8698 Community Boulevard
Warren, Michigan 48093
Phone: (231) 413-8458
Email: mcalkich9716285110@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 25, 2026, I served a copy of the foregoing document by email, pursuant to written consent to email service for filings and scheduling papers under Fed. R. Civ. P. 5, on counsel for the appeared Defendants at the following email addresses:

AJ Fabianczyk, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing
AJ.Fabianczyk@huschblackwell.com

Walter J. Fitzgibbons, counsel for State Auto Property and Casualty Insurance Company
Walter.Fitzgibbons@libertymutual.com

Jordan Bolton, counsel for Equifax Information Services LLC
JBolton@taftlaw.com

Jenn Ziemann, counsel for Equifax Information Services LLC
jenn.ziemann@equifax.com

Chelsea Gornbein, counsel/legal assistant for Equifax Information Services LLC
CGornbein@taftlaw.com

Plaintiff further certifies that service by email is made for filings and scheduling papers under Fed. R. Civ. P. 5 based on written consent and does not waive or replace Rule 4 service for any newly added, corrected, unserved, or non-appearing defendant unless service is waived, accepted, or otherwise ordered by the Court.

Date: June 25, 2026

Robert M. McAlkich III
Plaintiff, pro se