**FILED - LN**
July 30, 2026 2:02 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ___DIW /_____ SCANNED BY: ___

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ROBERT M. McALKICH III,**<br>Plaintiff,<br>v.<br>**SHELLPOINT MORTGAGE SERVICING, LLC, formerly known as NEWREZ LLC, d/b/a SHELLPOINT MORTGAGE SERVICING,**<br>**STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,**<br>**EQUIFAX INFORMATION SERVICES LLC,**<br>Defendants. | **Case No. 1:26-cv-00468-PLM-RSK**<br>Hon. Paul L. Maloney<br>Magistrate Judge Ray Kent<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO SUBSTITUTE CORRECTED PROPOSED SECOND AMENDED COMPLAINT**<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

## PARTY, COUNSEL, AND SERVICE INFORMATION

**PLAINTIFF - PRO SE**
Robert M. McAlkich III
8698 Community Boulevard,
Warren, Michigan 48093
(231) 413-8458 |
mcalkich9716285110@gmail.com

**NEWREZ/SHELLPOINT**
A J Fabianczyk, Husch Blackwell LLP
120 S. Riverside Plaza, Suite 2200, Chicago, Illinois 60606
aj.fabianczyk@huschblackwell.com
Additional correspondence:
Laura.Conroy@huschblackwell.com

**STATE AUTO**
Stephen P. Brown, Plunkett Cooney, P.C.
38505 Woodward Avenue, Suite 100, Bloomfield Hills, Michigan 48304
(248) 594-6304 |
sbrown@plunkettcooney.com

**EQUIFAX**
Heather H. Sharp, Seyfarth Shaw LLP
1075 Peachtree Street, Suite 2500, Atlanta, Georgia 30309
hsharp@seyfarth.com
Additional correspondence: Ritika Singh, (469) 608-6763, risingh@seyfarth.com; Jennifer R. Brooks, jrbrooks@seyfarth.com

**EQUIFAX**
Jordan S. Bolton, Taft Stettinius & Hollister LLP
27777 Franklin Road, Suite 2500, Southfield, Michigan 48034
jbolton@taftlaw.com

**PROPOSED RULE 4 SERVICE**
Sterling Claims Management, Inc. - c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833
Trans Union LLC - c/o CSC- Lawyers Incorporating Service (Company), 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911
Experian Information Solutions, Inc. - c/o The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170

1

## I. INTRODUCTION

Plaintiff asks the Court to substitute a corrected and materially narrowed proposed Second Amended Complaint for **Exhibit A** to **ECF No. 28** while that motion remains pending. Shellpoint's **ECF No. 32** response stated that Shellpoint did not oppose the amendment request then before the Court, while reserving all defenses. Plaintiff separately sought concurrence concerning the present substitution motion. The corrected pleading preserves the existing defendants, removes proposed claims that would generate threshold motion practice, adds Sterling, Trans Union, and Experian based on defendant-specific conduct arising from the same transaction sequence, clarifies the remaining claims without changing the core factual transaction, and provides a more precise account of the redemption financing and expenses.

## II. PROCEDURAL BACKGROUND

1.    The operative pleading is the Amended Complaint filed at **ECF No. 8**, with the signature defect cured at **ECF No. 12**.

2.    Plaintiff filed **ECF No. 28** on June 29, 2026, seeking leave to file a Second Amended Complaint. **ECF No. 29** is the supporting brief.

3.    Shellpoint responded at **ECF No. 32** on July 14, 2026. Shellpoint stated that it does not oppose the motion, but reserved all defenses to the proposed complaint.

4.    Based on the docket available to Plaintiff at the time of signing, **ECF No. 28** remains pending.

5.    Plaintiff now seeks substitution before the Court rules so that the proposed pleading reflects Plaintiff's narrowed, corrected allegations.

### III. GOVERNING STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely give leave to amend when justice so requires. The Supreme Court identified undue delay, bad faith, repeated failure to cure, undue prejudice, and futility as considerations that may justify denial. *Foman v. Davis, 371 U.S. 178, 182 (1962)*. The Sixth Circuit likewise recognizes a liberal amendment policy and treats prejudice to the opposing party as a central consideration. *Rose v. Hartford Underwriters Insurance Co., 203 F.3d 417, 420-21 (6th Cir. 2000)*; *Morse v. McWhorter, 290 F.3d 795, 800-01 (6th Cir. 2002)*.

Western District of Michigan Local Civil Rule 7.1 requires a supporting brief and a detailed concurrence certificate for a nondispositive motion. The Court's electronic-filing rule further requires a proposed pleading that needs leave of court to be attached as an exhibit to the motion seeking leave. W.D. Mich. LCivR 5.7(d)(vi), 7.1(a), 7.1(d).

### IV. ARGUMENT

#### A. SUBSTITUTION IS APPROPRIATE WHILE ECF NO. 28 REMAINS PENDING

The prior proposed complaint has not become operative. Substitution therefore will not displace a filed Second Amended Complaint or require defendants to answer two operative pleadings. It will identify one corrected pleading for the Court to evaluate and, if leave is granted, for the Clerk to file.

#### B. THE CORRECTED PLEADING NARROWS THE REQUESTED AMENDMENT AND REDUCES PREJUDICE

The corrected pleading does not add Trott Law, P.C., removes all FDCPA counts, and combines related State Auto relief into one count. It adds Sterling Claims Management, Inc. based on Sterling's documented mortgagee-claim routing role and a Shellpoint account entry identifying Sterling as payee of a $47,004.61 insurance-cost disbursement, and adds Trans Union

3

and Experian based on their own later consumer-reporting and reinvestigation conduct. The correction therefore reduces—not increases—the number of proposed defendants and legal theories presented in the prior **Exhibit A**.

The existing defendants remain in the case. Their alleged conduct arises from the same loan, property, insurance claim, payment, foreclosure, and credit-reporting sequence already presented in the operative pleading and **ECF No. 28**. No existing defendant must investigate a new, unrelated transaction.

## C. PLAINTIFF ACTED IN GOOD FAITH AND BEFORE A RULING ON THE PENDING MOTION

Plaintiff is proceeding pro se and continued reviewing the pleading, docket, and supporting records after **ECF No. 28** was filed. The present request is made before the Court ruled and for the stated purpose of correcting legal and factual organization, not for delay. The corrected pleading removes claims rather than using amendment to multiply proceedings.

## D. THE CORRECTED PLEADING ALLEGES FACIALLY PLAUSIBLE CLAIMS

The corrected complaint alleges: (1) dated written servicing notices sent to Shellpoint's identified correspondence address and allegedly deficient responses under RESPA and Regulation X; (2) CRA-transmitted disputes followed by allegedly unreasonable Shellpoint furnishing investigations; (3) mortgage and foreclosure accounting involving a specific $304,640.05 insurance payment, payoff figures, post-sale account entries, and redemption damages; (4) a documented $35,000 Cross River Bank/Best Egg financing transaction with a $2,446.50 origination fee, $32,553.50 in net proceeds, a 17.56% rate, and identified redemption, legal, and closing uses; (5) CRA-specific reinvestigation claims based on Equifax, Trans Union, and Experian records; and (6) a State Auto policy claim with particularized allegations

4

concerning notice, delayed discovery, and the mortgagee-payment records. The Court need not resolve disputed facts or defenses at the amendment stage.

Plaintiff recognizes that defendants may contest limitations, causation, contractual interpretation, accuracy, reasonableness, and damages. The corrected pleading states the facts on which Plaintiff relies and leaves those disputed merits issues for the ordinary Rule 12 or later proceedings.

## E. SERVICE AND RESPONSE PROCEDURES SHOULD BE SPECIFIED

Plaintiff proceeds in forma pauperis. If leave is granted, Rule 4(c)(3) and 28 U.S.C. § 1915(d) support Marshal service on Sterling, Trans Union, and Experian as the proposed new defendants. Existing defendants should respond under Rule 15(a)(3), unless the Court sets another deadline.

## V. CONCLUSION

Plaintiff respectfully requests that the Court grant expedited consideration, grant the motion, substitute the corrected proposed pleading for the prior **Exhibit A** to **ECF No. 28**, and enter the proposed order.

Respectfully submitted,

Robert M. McAlkich III
8698 Community Boulevard
Warren, Michigan 48093
Telephone: (231) 413-8458
Email: mcalkich9716285110@gmail.com
Plaintiff, pro se
Date: July 30, 2026 mcalkich9716285110@gmail.com
Plaintiff, pro se
Date: July 30, 2026